IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID A. LUTZ,

Plaintiff,

vs.

RIGHT TIME HOLDINGS, LLC, et al.,

Defendants.

ALAN DENNO

Plaintiff,

vs.

RIGHT TIME HOLDINGS, LLC, et al.,

Defendants.

CONSOLIDATED CASES

Case No. 07-1039-JTM

Case No. 07-1106--JTM

MEMORANDUM AND ORDER

Plaintiff David A. Lutz and Alan Denno have brought the present action against the

defendants (Right Time Holdings, LLC, William Kennedy and James M. Loftis), seeking additional

compensation from the proceeds of the sale of two Kansas limited liability companies (Respiratory

Services of Kansas, LLC and Hospice Care Equipment, LLC). Defendants Right Time, Kennedy and

Loftis are the majority members in the two limited liability companies; Lutz and Denno were

employees of the companies.  Their Complaint includes a claim for an accounting, and alleges breach of fiduciary duty. The defendants have moved to stay these claims pending arbitration.

In August of 2004, Lutz and Denno entered into Option, Purchase, and Redemption Agreements with the defendants. The Option Agreements provided that, within five days of any sale of the companies, Lutz had the option to buy a 44% membership interest in the companies.  Denno was given the option of purchasing a 5% interest. According to plaintiffs, these options were exercised on April 14, 2005, when the two companies were sold to a third party, Lincare Inc. Lutz and Denno contend they did not receive the proper amount of total compensation for their membership shares.

Lutz's and Denno's alleged membership shares in either company arise solely under the August 14, 2005 Option Agreements. The Option Agreements contain an identical binding arbitration provision which covers the claims and disputes of either party. The binding arbitration provision in the Option Agreements is broad and unqualified and states:

> 18. Arbitration. Any controversy or claim arising out of or related to this contract or the breach thereof, shall be settled, except as may otherwise be provided herein, by final and binding arbitration in accordance with the laws of the state of the EMPLOYER's office to which EMPLOYEE may be assigned and the arbitration award may be entered as final and binding judgment in any court having jurisdiction thereof. Any dispute as to whether a controversy or claim is subject to arbitration shall be submitted as part of the arbitration proceeding. Legal costs, attorneys fees, and fees of expert witnesses may be assessed against the losing party. The parties have no right to appeal the decision of the arbitrator. The arbitrator will be selected and arbitration conducted according to the rules of the American Arbitration Association.

(Def. Exh. A and B at ¶ 18). At the top of the first page of both Option Agreements is the following::

> THIS AGREEMENT IS SUBJECT TO AN ARBITRATION PROVISION PURSUANT TO THE UNIFORM ARBITRATION ACT AS THE SAME IS ADOPTED WITHIN THE LAWS OF THE STATE OF KANSAS.

(Def. Exh. Exhibits A and B at p. 1).

In resolving the defendants' motion seeking arbitration, the court presumes that matters which appear to fall within the scope of the arbitration agreement should in fact be arbitrated. "There is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986) (citations omitted).

In response to the defendants' Motion to Dismiss or Stay, the plaintiffs make several arguments. First, they contend that defendants may not enforce the arbitration provision in the agreements, because they were not parties to those agreements. Second, they contend that arbitration clause has no effect here because their claims are for breach of fiduciary duty in connection with the sale, and thus are not based upon the option agreement itself. Third, they contend that their tort claims are not arbitrable under Kansas law, and that the Option Agreement provides that Kansas law should be controlling.

The court first finds that defendants are entitled to invoke the protections of the arbitration provisions in the August agreements. Although they were not themselves signatories of the agreements, the defendants are the principle members in and managing agents of the limited liability companies which were parties to the agreements. The agreements were signed by defendant Loftis, in his capacity as a manager of the Companies. Under K.S.A. § 17-7693(b), every manager of a

limited liability company is considered an agent of the company for the purpose of its business and affairs.

Federal law recognizes that a non-party may enforce an arbitration provision in certain circumstances, including intended beneficiaries such as an agent or employee of a party. *See Britton v. Coop Banking Group*, 4 F.3d 742, 745-46 (9th Cir.1993). *Housh v. Dinovo Investments*, No. 02-2562-KHV, 2003 WL 1119526, at *5-6 (D. Kan. March 7, 2003), relied on by the plaintiffs, does not create any different rule.  Indeed, *Housh* in fact recognized that an arbitration clause may serve to protect the employees and agents who were not directly parties to the agreement itself.  Given the nature of the agreements, and the relationship of the defendants to the limited liability companies, the court finds that they are entitled to invoke the arbitration agreement.

The plaintiffs next argue that their claims are not within the scope of the arbitration clause. According to the plaintiffs, the agreements are of "historical interest" only, contending that the agreement is unnecessary to the claims for accounting and breach of duty.  Again, the plaintiffs cite *Housh v. Dinovo Investments*, where the court held that a conversion claim was not subject to arbitration.

The court finds that the plaintiffs' argument is unconvincing.  Plaintiffs' claims may be denominated as claims for accounting and for breach of duty, but in substance they are allegations that they did not receive the financial interest called for in the August Option Agreements.  Plaintiffs rely on those agreements and would have no claims if they had never existed.

As noted, the plaintiffs next contend that arbitration should not be required since their claims sound in tort, and tort claims are not arbitrable under Kansas law.  An agreement to arbitrate tort claims is enforceable under federal law.  9 U.S.C. § 1 et seq. *See Skewes v. Shearson Lehman Bros.*,

250 Kan. 574, 581, 829 P.2d 874, 879 (1992) (FAA permits arbitration of tort claims). In contrast, under the Kansas Uniform Arbitration Act, tort claims such breach of fiduciary duty is not subject to arbitration. See K.S.A. § 5-401©.  *See City of Andover v. Southwestern Bell Tel.*, 37 Kan.App.2d 358, 153 P.3d 561 (2007).

The court finds that federal law governs arbitrability of the agreements in question.  Those arbitration provisions state make general reference to the applicablity of Kansas law.  Thus, the agreement contains the warning statement that "THIS AGREEMENT IS SUBJECT TO AN ARBITRATION PROVISION PURSUANT TO THE UNIFORM ARBITRATION ACT AS THE SAME IS ADOPTED WITHIN THE LAWS OF THE STATE OF KANSAS."  The agreements include a provision providing for Kansas law to govern.  It may be noted that the emphatic warning notices in the agreements do not state that the scope of the arbitration agreements are *subject* to the KUAA, merely that the agreements are subject to an arbitration provision which said to be *pursuant* to the KUAA.

The court finds that the agreements do not preclude the intent to arbitrate the claims presented here.  The cardinal rule is to give effect to all provisions in the contract and the parties' intent. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63-64 (1995).  In *Mastrobuono*, the Court held that a general choice-of-law provision would not control over other provisions in an agreement providing for federal arbitration.  This court has stated "[a]bsent a clear contractual intent to exclude certain claims or to follow a different substantive law, however, the FAA controls, with its presumption of arbitration." *Housh*, 2003 WL 1119526 at *6, citing *Mastrobuono*, 514 U.S. at 59.

In *Housh*, the court held that broad references to Kansas law in an arbitration agreement were not to be given controlling effect over other provisions which indicated that tort claims were subject to arbitration.  The court stressed that the agreement included "broad language" which stated that "'all controversies'" under the agreement were subject to arbitration.  *Housh,* 2003 WL 1119526 at *7.  *Housh,* 2003 WL 1119526 at *6.  The arbitration clauses here are similarly broad, and subject to arbitration "[a]ny controversy or claim arising out of or related to this contract." The agreements do not contain any language expressing an intent to incorporate the exclusions contained in the KUAA, and adopting the position of the plaintiffs would require the court to effectively alter the broad any controversy or claim language of the agreement into something different – that only "some controversies and claims"  need be arbitrated.

Such an interpretation would do violence to the expressed intent of the parties, and is inappropriate in the absence of any explicit incorporation of the exclusions of the KUAA or some other exclusion of tort claims.  Following *Housh*, the court finds that the agreements require arbitration of plaintiffs' claims, even though they are denominated in tort.

Defendants present an additional, alternative argument that plaintiff Denno's claims should be dismissed because the agreements did not create any voting rights for Denno, and thus created no enforceable fiduciary duties.  See Haynes v. B & B Realty Group, 633 S.E.2d 691 (N.C. Ct. App. 2006).  Because the court determines that the present claims by both plaintiffs are subject to arbitration, the court declines to resolve the issue, and finds that the issue may appropriately be resolved in the arbitration which must resolve the remainder of the claims herein.

IT IS ACCORDINGLY ORDERED, this 21st day of March, 2008, that the defendants'
Motion to Dismiss or Stay (Dkt. No. 13) is hereby granted such that the present matter is hereby
stayed pending arbitration.

s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
